BOOTH, Chief Judge.
This cause is before us on appeal from a final order of the Department of Transportation (Department) denying appellant’s application for an outdoor advertising sign permit. The issue presented is whether the Department is required to recognize the invalidity of a prior sign permit issued by the Department when the permittee no longer has permission of the owner of the property on which the sign is located. We answer that question in the affirmative and further hold that the Department procedures for canceling issued permits may not be used to prevent or hamper free alienation of the property on which the sign is located.
The facts, as found by the hearing officer, adopted by the agency, and agreed to by appellant, are:
1. On or about June 6, 1984, petitioner, Lamar Advertising Company (Lamar), submitted an application for an outdoor advertising sign permit for a sign to be located in Escambia County on the north side of Interstate 10, 0.75 miles east of U.S. 29, facing east. Respondent, Department of Transportation (Department), received the application on June 8, 1984.
2. The exact location for which Lamar sought a sign permit had been under permit to National Advertising which later assigned the permit to Headrick Signs (Headrick). The location had been under lease to National Advertising by the owners of the property.
3. On or about May 1, 1984, TLC Properties, Inc. entered into a contract to buy the property where the Headrick sign was located. The sales contract had a condition that the offer to purchase was contingent on the buyer being able to acquire within 60 days the permits required for the intended use, i.e., Lamar’s sign.
4. The owners of the property, through Cramer Realty, Inc. (Cramer), sent National Advertising a letter on or about May 31, 1984 giving it 30 days’ notice of termination of its lease on the property and asking it to remove its sign by June 30, 1984. No copy of this letter was included with Lamar’s application.
5. Later, on or about June 22, 1985 [sic],[1] the owners, again through Cramer, sent Headrick a letter asking Headrick to sign and return an Outdoor Advertising Permit Affidavit Form 178-529 cancel-ling its sign permit for the location because of loss of its lease to the property. The letter requested immediate action by Headrick so that the owners would not lose their sale. No copy of this letter was included in Lamar’s application.
6. Headrick finally signed the Outdoor Advertising Permit Affidavit Form on or about July 31, 1984. Cramer in turn sent the executed affidavit to Lamar’s realtor on or about August 2,1984. Lamar later filed the executed affidavit with the Department.
7. By non-rule policy, the Department considers the effective date of the affidavit cancelling the Headrick sign permit to be July 31, 1984, the date the affidavit was signed, not the date it was later submitted or, even later, received by the Department.
8. On or about June 19, 1984, the Department returned Lamar’s application to Lamar because no preliminary approval letter from the county building inspector was included with it.
*1317 9. Lamar promptly obtained the necessary preliminary approval letter from the county building inspector and resubmitted the application. The Department received the resubmitted application on or about June 22,1984. The resubmitted application did not include a copy of Cramer’s letter either to National Advertising or to Headrick.
10. By July 3, 1984, the Department had adopted a non-rule policy that all applications not processed to completion by June 30, 1984 under the applicable law as of June 30, 1984, would be returned to the applicant to be resubmitted for processing under Chapter 84-227, Laws of Florida (1984) — the applicable law which became effective July 1, 1984. Since Lamar’s application, as resubmitted, had not been processed to completion by June 30, 1984, the Department returned it to Lamar on or about July 3, 1984.
11. By July 23, 1984, the Department changed its non-rule policy regarding applications received but not processed to completion by June 30, 1984. The Department decided it would process those applications and grant applications for signs which would be permittable either (1) under the facts and applicable law as of June 30, 1984 or (2) under Chapter 84-227.
12. On or about July 23, 1984, Lamar submitted its application for the third time.
13. As stipulated by the parties, Lamar’s application was for a sign which would not be permittable under the applicable law effective July 1, 1984, because of insufficient spacing but which would be permittable with sufficient spacing under the applicable law in effect on June 30, 1984, assuming the cancellation of Headrick’s permit for a sign at the exact same location.
14. On or about August 28, 1984, the Department gave Lamar notice of intent to deny Lamar’s application because the Headrick sign permit was not cancelled until July 31, 1984, and because Lamar’s application is not permittable under the applicable law in effect on and after July 1, 1984.
The hearing officer reached the following conclusion of law adopted by the Department:
As of June 30,1984, National Advertising’s lease on the property had been terminated. Section' 479.13, Florida Statutes (1983), prohibits a permittee from maintaining a sign without written permission of the owner of the property on which the sign is located. A violation of Section 479.13 could result in imposition of a penalty under Section 479.18, Florida Statutes (1983), or in revocation proceedings under Section 479.08, Florida Statutes (1983). But a violation of Section 479.13 does not result in automatic termination of the permit.
Thus the Department denied Lamar’s permit application because it viewed Head-rick’s permit to have continued validity and to be outstanding beyond the June 30,1984 lease termination date. The order below stated that “had petitioner been able to show at the hearing that they had secured a cancellation affidavit dated before July 1, 198[4], even though tardily submitted, the results would have been different.” By the Department’s view, a permit, though invalid by law, continues as a burden on the land, restricting alienation and preventing the owner from obtaining a valid permit until canceled by the Department or suspended by the holder. Therefore, Head-rick’s failure to voluntarily cancel its permit in a timely fashion by returning the permit cancellation affidavit before July 1, 1984, defeated the owner’s right of sale, even though Headrick admittedly had no right to maintain a sign on the property. The Department relies on Section 479.08, Florida Statutes (1983), as requiring departmental action — giving Headrick a 30-day show cause notice — before Lamar can proceed with its permit application and before the owner can convey his own property without restriction. That section, applying to the denial or revocation of a permit for supplying false information or violations of Chapter 479, does not prevent the *1318 expiration of a permit due to lease termination.
The property owner’s permission, in writing, is a prerequisite to issuance by the Department of a permit for an outdoor advertising sign and for the maintenance of the sign, as provided in Section 479.13, Florida Statutes (1983):[2]
479.13 Written permission of owner required. — No person shall construct, erect, operate, use or maintain any outdoor advertising structure, outdoor advertising sign or advertisement without the written permission of the owner or other person in lawful possession or control of the property on which the structure or sign is located.
Once a permit becomes invalid under Section 479.13, it no longer operates to encumber the land and cannot form the basis for denial of a valid permit. Thus, the permit issued to Headrick became invalid on June 30,1984, the date the lease to National, Headrick’s assignor, was terminated. Regardless of the time frame within which the Department’s cancellation proceedings were implemented or accomplished, the National/Headrick permit ceased to exist as an impediment due to Section 479.13.
Accordingly, we reverse and remand for appropriate proceedings in accordance herewith.
SHIVERS and NIMMONS, JJ., concur.

. Year should be 1984.

. This section was repealed by Section 24, Chapter 84-227, Laws of Florida, and replaced in substance with Section 479.07(7), Florida Statutes (Supp.1984), which provides:
A permitee shall at all times maintain the permission of the owner or other persons in lawful control of the sign site to have and maintain a sign at such site.