943 So.2d 901 (2006)
David A. YOUNG, Appellant,
v.
DEPARTMENT OF EDUCATION, DIVISION OF VOCATIONAL REHABILITATION, Appellee.
No. 1D06-0219.
District Court of Appeal of Florida, First District.
December 1, 2006.
*902 David A. Young, pro se, Appellant.
Daniel Woodring, General Counsel, and Matthew J. Carson, Department of Education, Tallahassee, for Appellee.
PER CURIAM.
David A. Young appeals a final order of the Department of Education (Department) adopting in full a recommended order ruling that Young was not eligible for certain services he requested from the Department's Division of Vocational Rehabilitation. We affirm.
Young received assistance from the Division of Vocational Rehabilitation previously and, with that assistance, became a licensed massage therapist. Young sought additional assistance in establishing his massage business, but such additional services were refused by the Department on the ground that he was not eligible for the requested services. Young sought a hearing on the denial of these services.
The matter was referred to the Division of Administrative Hearings, and the administrative law judge received evidence and argument from Young as well as the Department regarding the prior provision of vocational rehabilitation services to Young and his eligibility for other services. The judge thereafter entered a recommended order making detailed findings of fact and determining that Young was not eligible for the services he was seeking. The Department adopted in full the findings of fact and conclusions of law made in the recommended order.
Our standard of review of the Department's final order is governed by section 120.68, Florida Statutes (2005). A reviewing court may set aside agency action when it finds that the action is dependent on any finding of fact that is not supported by competent substantial evidence in the record, a material error in procedure, an erroneous interpretation of law, or an abuse of discretion. § 120.68(7), Fla. Stat. (2005); see Gross v. Dep't of Health, 819 So.2d 997, 1001 (Fla. 5th DCA 2002).
Young does not specifically identify an erroneous conclusion of law or a finding of fact which is not supported by the record. As suggested by the standard of review, it is the responsibility of the administrative law judge to evaluate and weigh the testimony and other evidence submitted at the hearing to resolve factual conflicts, and to arrive at findings of fact. It is not the role of the appellate court to reweigh the evidence anew. See Smith v. *903 Sears, Roebuck & Co., 681 So.2d 871 (Fla.1st DCA 1996). Our review of the record indicates that the findings of fact are supported by competent and substantial evidence. Further, we hold that the judge's conclusions of law are not erroneous. Accordingly, the final order is AFFIRMED.
WEBSTER, BENTON, and VAN NORTWICK, JJ., concur.