ROBERTS, J.
 

 The appellant, W. Frank Wells Nursing Home, seeks review of the Florida Agency for Health Care Administration’s order of dismissal with prejudice. The appellant contends that the Agency inappropriately applied the
 
 Agrico
 
 standing test to its request for an administrative hearing as a directly named party. We agree and direct the Agency to hold an administrative hearing pursuant to section 120.57, Florida Statutes (2006).
 

 The dispute underlying this appeal began in September 8, 2006, when the Agency mailed the appellant a statement of deficiencies for noncompliance with section 400.0255, Florida Statutes (2005), when it transferred a patient to the emergency room. The appellant requested a formal administrative hearing pursuant to section 120.57, Florida Statutes (2007), arguing that the statement of deficiencies constituted a final Agency action. The appellant’s request was subsequently denied by the Agency for failure to meet the
 
 Agrico
 
 and “stigma-plus” tests.
 

 In
 
 Agrico Chemical Co. v. Department of Environmental Regulation,
 
 406 So.2d 478, 479 (Fla. 2d DCA 1981), Agri-co’s competitors sought to intervene in its petition for a permit, arguing that their economic interests would be affected. The hearing officer granted the competitors standing to intervene.
 
 Id.
 
 at 480. The Second District reversed, finding that, pursuant to section 120.52(10)(b), Florida Statutes, the competitors had standing to intervene if they could establish that they had a substantial interest in the outcome of the proceedings by showing that: (1) they would “suffer injury in fact which is of sufficient immediacy to entitle [them] to a section 120.57 hearing; and (2) that [their] substantial injury is of a type and nature which the proceeding is designed to protect.”
 
 Id.
 
 at 481-82. “The first aspect of the test deals with the degree of injury. The second deals with the nature of the injury.”
 
 Id.
 
 at 482.
 

 This Court has determined that the
 
 Agrico
 
 test only applies to third parties.
 
 See Maverick Media Group, Inc. v. Dep’t of Transp.,
 
 791 So.2d 491, 491 (Fla. 1st DCA 2001). In
 
 Maverick,
 
 the Department of Transportation (DOT) dismissed Maverick’s petition and denied its application for a sign permit.
 
 Id.
 
 at 492. The DOT determined that Maverick was not entitled to an administrative hearing because it could not meet the
 
 Agrico
 
 standing requirements.
 
 Id.
 
 at 492. This Court reversed the DOT, finding that Maverick had standing and that the
 
 Agrico
 
 test was inapplicable because Maverick was a specifically named party whose substantial interests were determined in the proceeding pursuant to sections 120.52(12)(a) and 479.08, Florida Statutes (1999).
 
 Id.
 
 at 492-93.
 

 Additionally, in
 
 Menorah Manor, Inc. v. Agency for Health Care Administration,
 
 908 So.2d 1100 (Fla. 1st DCA 2005), this Court determined that a statement of deficiencies was not investigatory in nature but constituted final agency action regarding the deficiencies alleged therein.
 
 See id.
 
 at 1103. Although this Court applied the
 
 Agrico
 
 test to a directly named party in
 
 Menorah,
 
 the parties in that case failed to dispute the applicability of the
 
 Agrico
 
 test. Thus, the Court did not consider it. As such,
 
 Maverick
 
 governs the analysis here.
 

 In the instant case, because the nursing home is a directly named party, the
 
 Agrico
 
 test is inapplicable and the
 
 *75
 
 Agency’s statement of deficiencies constituted Agency action requiring an administrative hearing.
 

 REVERSE and REMAND for an administrative hearing.
 

 KAHN and THOMAS, JJ., concur.