SWANSON, J.
Prescription Partners, LLC (“Partners”), appeals the Final Order of the Department of Financial Services (“the Department”) concluding Partners lacked standing to file petitions for administrative hearings challenging the dismissals of thirty-five Petitions for Resolution of Reimbursement Dispute by the Department’s Office of Medical Services (“OMS”). We reverse.
This cause is rooted in chapter 440, Florida Statutes. According to the plan outlined in section 440.13, Florida Statutes, workers’ compensation physicians licensed to dispense prescription medication to injured claimants may seek reimbursement from the claimants’ employers or the employers’ compensation insurance carriers based on the pharmacy fee schedule set forth in section 440.13(12)(c), Florida Statutes. Partners is a Florida business that contracts with these physicians to pur *1220 chase and process their claims for reimbursement of pharmacy-related services. The contracts typically provide for the physicians to assign all of their right, title, and interest in and to the claims, including the right to bill and receive payment from insurance carriers or self-insured employers. As consideration for the physician’s unqualified assignment of the claim, Partners pays the physician a percentage of the claim’s value, regardless of the amount Partners is ultimately able to collect from the payor.
With limited exception, when reimbursing a medical provider for services rendered to an injured worker, if full payment is not made, the payor must issue an Explanation of Bill Review (“EOBR”) explaining the reason why it denied, disallowed or adjusted the payment. See Fla. Admin. Code R. 69L-7.602(5)(j)l. & (q). If the provider chooses to challenge the reimbursement amount, or the refusal to reimburse, section 440.13(7), Florida Statutes, along with its corresponding provisions in chapter 69L-31, Florida Administrative Code, provides the mechanics for resolving the dispute. Specifically, section 440.18(7)(a) states in relevant part, that “[a]ny health care provider, carrier, or employer who elects to contest the disallowance or adjustment of payment by a carrier ... must, within 30 days after receipt of notice of disallowance or adjustment of payment, petition the department to resolve the dispute.” § 440.13(7)(a), Fla. Stat. The present record demonstrates that Partners has routinely pursued dispute resolution by filing with the Department a petition denoted “DFS Form 3160-0023,” incorporated by reference in Florida Administrative Code Rule 69L-31.003. The form expressly allows the petition for dispute resolution to be filed by parties other than the medical provider who are “acting on behalf’ of the provider.
Thus, according to practice, in late 2011 and early 2012, Partners filed numerous petitions with the OMS challenging underpayments made by carriers for medications dispensed to workers’ compensation claimants. The OMS adjudicated many of the petitions in Partners’ favor, but dismissed others ruling they had not been filed within thirty days “of notice of disallowance or adjustment of payment,” as required by section 440.13(7)(a). As the party filing the petition, Partners was served with a copy of each dispute resolution dismissal and was notified of “its right to an administrative hearing concerning this proposed agency action by the department under sections 120.569 and 120.57, Florida Statutes.” Partners subsequently filed, pursuant to section 120.57(2), Florida Statutes, ninety-six petitions for administrative hearings challenging OMS’s dismissal of its petitions for dispute resolution. On February 8, 2012, the Department entered an order dismissing all of the petitions without prejudice on the grounds that (1) the petitions lacked the required pleading elements found in section 120.569, and (2) Partners lacked standing to pursue an administrative challenge to the Department’s dismissals of its petitions. Partners was given fifteen days to file amended petitions and to show cause why it had standing to pursue the administrative challenges.
Partners timely amended and refiled thirty-five of the petitions, but this time sought full evidentiary hearings pursuant to section 120.57(1), Florida Statutes. Attached to the petitions were redacted copies of Partners’ contracts with its health care clients, documenting each physician’s unqualified assignment to Partners of all of the physician’s “right, title and interest in and to the Claim including, without limitation, rights to bill and receive payment for the Claim from insurance carriers or self-insured parties.” Partners also filed a *1221 motion to strike the Department’s order to show cause and, in the alternative, a response arguing Partners’ standing to file the petitions. The Department issued an order consolidating all of the petitions and referring them to a hearing officer for informal resolution under section 120.57(2). The Department claimed there were no disputed issues of material fact warranting a hearing under section 120.57(1), instead ruling the issue of whether OMS had properly interpreted the time limitations in section 440.18(7)(a) was purely a question of law. Partners objected to the assignment of the cases to an informal hearing officer, requesting they be transferred to the Division of Administrative Hearings (“DOAH”) for formal proceedings.
On May 4, 2012, the informal hearing officer entered a Report and Recommendation to the Department that it dismiss Partners’ thirty-five amended petitions due to Partners’ lack of standing. The hearing officer also rejected Partners’ request for a formal administrative hearing. On review, the Department entered its Final Order fully adopting the hearing officer’s findings of fact and conclusions of law. The Department concluded that section 440.13(7)(a) “expressly authorizes only health care providers, carriers, or employers to contest the disallowances or payment adjustments here in question,” and Partners “fits into none of those categories.” (Emphasis in original.) Further, the Department ruled that Partners
does not fit within the definition of a ‘party' under Section 120.52(13), Fla. Stat., because its only interest in this proceeding is economic, to wit: the profit it expects to make by virtue of purported assignments of collection rights from individual doctors allowing it to retain all the monies it collects on their respective claims.... Thus, it is clear that the economic interest at stake here is that of the doctors’ selling, and Prescription Partners’ buying, of debt. There is nothing in Section 440.13(7), Fla. Stat. that indicates the legislature’s desire to extend its statutory contestation opportunity to anyone other than providers, carriers or employers actually involved in workers’ compensation medical services remuneration disputes. There is nothing in the applicable statutes that indicates a legislative desire to protect sellers and buyers of debt. Thus, Prescription Partners LLC fails the Agrico Chemical Company v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 2d DCA 1981) test to be considered a Chapter 120, Fla. Stat., “party” in this matter because its economic interests are not within the type or nature of interests sought to be protected by Section 440.13(7), Fla. Stat., proceedings.
In determining the soundness of the Department’s foregoing ruling on the standing issue, several well-established principles inform our analysis. First, the dismissal of a petition for lack of standing is a question of law to be reviewed de novo. Mid-Chattahoochee River Users v. Fla. Dep’t of Envtl. Prot., 948 So.2d 794, 796 (Fla. 1st DCA 2006). Second, an administrative agency’s action may be set aside if “[t]he agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action[.]” § l'20.68(7)(d), Fla. Stat. See also Young v. Dep’t of Educ., Div. of Vocational Rehab., 943 So.2d 901, 902 (Fla. 1st DCA 2006) (“A reviewing court may set aside agency action when it finds that the action is dependent on any finding of fact that is not supported by competent substantial evidence in the record, a material error in procedure, an erroneous interpretation of law, or an abuse of discretion.”). Third, to achieve standing to challenge agency action, an individual or entity must *1222 be a “party” as that term is defined, in relevant part, in section 120.52(18), Florida Statutes, to mean:
(a) Specifically named persons whose substantial interests are being determined in the proceeding.
(b) Any other person who, as a matter of constitutional right, provision of statute, or provision of agency regulation, is entitled to participate in whole or in part in the proceeding, or whose substantial interests will be affected by proposed agency action, and who makes an appearance as a party.
Finally, the seminal decision in Agrico Chemical Co. v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 2d DCA 1981), cited by the Department as providing the underpinning of its holding, offers a two-prong test to determine when a third party challenger to agency action meets the “substantial interest” element of sub-paragraph (b) of section 120.52(13). The Agrico test requires a would-be party to demonstrate “1) that he will suffer injury in fact which is of sufficient immediacy to entitle him to a section 120.57 hearing, and 2) that his substantial injury is of a type or nature which the proceeding is designed to protect.” Id. at 482.
Applying the foregoing principles to the Department’s Final Order in the present case, we find two fundamental flaws in its analysis. First, in holding that Partners is not a “health care provider[ ], carrier[ ], or employer[ ]” as contemplated in section 440.13(7)(a), the Department misconstrues Florida law in regard to assignments of interest. Partners correctly argues that Florida law is clear: An “ ‘assignment transfers to the assignee all the interests and rights of the assignor in and to the thing assigned.’ ” Dep’t of Revenue v. Bank of Am., N.A., 752 So.2d 637, 642 (Fla. 1st DCA 2000) (quoting State v. Family Bank of Hallandale, 667 So.2d 257, 259 (Fla. 1st DCA 1995); and additionally citing Rose v. Teitler, 736 So.2d 122 (Fla. 4th DCA 1999)) (emphasis added); see also LLP Mortg., Ltd. v. Cravero, 851 So.2d 897, 898 (Fla. 4th DCA 2003) (observing “the rather universally followed proposition that an assignee stands in the shoes of the assignor and has all the rights enjoyed by the assignor”) (citing Dubbin v. Capital Nat’l Bank of Miami, 264 So.2d 1 (Fla.1972)). Moreover, “ ‘[u]nder Florida law, parties can assign causes of action derived from a contract or a statute.’ ” Bank of Am., N.A., 752 So.2d at 642 (quoting Forgione v. Dennis Pirtle Agency, Inc., 701 So.2d 557, 559 (Fla.1997)). In fact, “Florida law recognizes the general right to assign common law and statutory rights, unless there is an express prohibition in a statute, or a showing that an assignment would clearly offend an identifiable public policy.” VOSR Indus. v. Martin Props., Inc., 919 So.2d 554, 556 (Fla. 4th DCA 2005) (citing Forgione, 701 So.2d at 559); accord Bank of Am., N.A., 752 So.2d at 640. Furthermore, where a statute is silent on the issue of assignment, it is settled that “the courts ‘fill in the inevitable statutory gaps’ by relying on the common law.” Dove v. McCormick, 698 So.2d 585, 589 (Fla. 5th DCA 1997) (quoting Fed. Deposit Ins. Corp. v. Bledsoe, 989 F.2d 805, 809-810 (5th Cir.1993)). As stated in Dove, “[o]n the subject of assignments, the common law ‘speaks in a loud and consistent voice: An assignee stands in the shoes of his assignor.’ ” Id. (quoting Bledsoe, 989 F.2d at 809-810) (emphasis in original).
Here, a physician’s right to pursue a dispute resolution cause of action with the Department is derived from section 440.13(7)(a). That section does not expressly prohibit the assignment of a cause of action for dispute resolution but is silent in all respects on the subject. Indeed, we *1223 are not called upon to “fill in the gap,” as the Department did that for us in Florida Administrative Code Rule 69L-7.602(4)(a)10., which explicitly provides that nothing in the rules governing the responsibility of health care providers “shall prevent a physician from selling, assigning or otherwise factoring a claim for the provision of pharmacy related services to a third party.” (Emphasis added.) By its own rule, the Department has implicitly acknowledged that the public policy contained in chapter 440 concerning health care providers’ rights and responsibilities clearly is not offended by an assignment of a cause of action for dispute resolution. Once a physician assigns Partners a claim for reimbursement, Partners stands in the shoes of the physician and has all of the same rights and interests accorded the physician, including, as we will discuss below, pursuing the resolution of a claim up to the administrative hearing level, if necessary.
This brings us to the second flaw in the Department’s analysis, as reflected in its reliance on the Agrico test. We reiterate: By virtue of the assignments, Partners stands in the shoes of the physician in seeking to pursue dispute resolutions in order to obtain reimbursement from the carriers or the employers. Consequently, Partners’ interests extend well beyond the mere “buying and selling of debt”; it is entitled to “all of the interests and rights of the assignor in and to the thing assigned.” Bank of Am., N.A., 752 So.2d at 642. In this respect, Partners is a “party” as defined in subsection (a) of section 120.52(18), as being a “specifically named person whose substantial interests are being determined in the proceeding.” Partners is the party with the “personal stake” in the outcome of the proceedings. Gregory v. Indian River Cnty., 610 So.2d 547, 554 (Fla. 1st DCA 1992) (holding that the purpose of requiring a party to have standing to participate in an administrative or judicial proceeding is “to ensure that a party has a ‘sufficient interest in the outcome of the litigation which warrants the court’s entertaining it’ and to assure that a party has a personal stake in the outcome so he will adequately represent the interest he asserts,” quoting Gen. Dev. Corp. v. Kirk, 251 So.2d 284, 286 (Fla. 2d DCA 1971)). As pointed out by Partners, it would be “paradoxical” for the Department to expressly allow Partners to pursue dispute resolution by virtue of its own rule, yet claim that Partners lacks standing to challenge the Department’s dismissal of its petitions to that end.
As for the two-pronged Agrico test, Partners contends that Agrico is relevant only to third party challenges to agency action. See W. Frank Wells Nursing Home v. State, Agency for Health Care Admin., 27 So.3d 73, 74 (Fla. 1st DCA 2009) (holding “the Agrico test applies only to third parties”); Maverick Media Grp., Inc. v. State, Dep’t of Transp., 791 So.2d 491 (Fla. 1st DCA 2001) (observing “[t]he standing requirements under Agrico were for the third-party business competitors of Agrico, who needed to demonstrate a ‘substantial interest in the proceeding’ pursuant to section 120.52(10) (b)”); Gregory, 610 So.2d at 554 (stating that the “obvious intent of Agrico was to preclude parties from intervening in a proceeding where those parties’ substantial interests are totally unrelated to the issues which are to be resolved in the administrative proceedings ”) (emphasis added). Here, Partners is not a third party challenger; it is the sole party seeking to enforce its direct rights afforded it by the contracts of assignment and affected by the underlying agency action. But assuming Agrico applies at all, Partners has clearly satisfied both prongs of the test. It has demonstrated (1) that it will “suffer injury in fact *1224 which is of sufficient immediacy to entitle [it] to a section 120.57 hearing, and (2) that its “substantial injury is of a type or nature which the proceeding is designed to protect.” 406 So.2d at 478. In other words, Partners seeks to protect by its administrative action the identical interests protected by the dispute resolution process set forth in the applicable statutes and rules. Focusing primarily on the second prong of the Agrico test, as did the Department, we are convinced that section 440.13(7)(a) unquestionably intends to protect the economic interests of a health care provider who has not been made whole by an insurance carrier for the services rendered to an injured employee under chapter 440. Thus, it is incorrect for the Department to claim that Partners lacks standing because its “only interest in the proceeding is economic.” To the contrary, section 440.13(7)(a) does not purport to protect any interests other than economic interests. Therefore, without means to gain entrance into the administrative process in order to challenge the Department’s dismissal of its petitions, Partners arguably stands to suffer immediate and significant monetary losses. Further, as we have already established, this “substantial injury is of a type or nature which the proceeding is designed to protect.” Id. In dismissing Partners’ administrative petitions, the Department wholly failed to explicate why Partners should not be treated as a named party by virtue of the assignments.
For all of the foregoing reasons, the Department’s decision to deny Partners standing to challenge administratively the dismissal of its petitions was clearly erroneous. On remand, Partners is entitled to a formal hearing because its petitions have alleged disputed facts. Accordingly, we reverse the Final Order and remand the cause to the Department with directions that the petitions be referred to DOAH for further proceedings consistent with section 120.57(1), Florida Statutes.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BENTON, C.J., and WOLF, J., concur.