# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3946
Lower Tribunal No. 2022-DR-013297-O

_____

CARLOS DE LA MELENA,

Appellant,

v.

JOANNA PATRICIA MONTEZUMA PANEZ,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Barbara J. Leach, Judge.

November 22, 2024

LAMBERT, B.D., Associate Judge.

Carlos De la Melena ("Father"), a resident of Peru, timely appeals the final

order rendered by the circuit court after trial that denied his verified petition filed

under the Convention on the Civil Aspects of International Child Abduction at the

Hague ("Hague Convention")[1] to return the parties' ten-year-old daughter ("Child")

---

[1] The United States Congress has implemented the Hague Convention through the International Child Abduction Remedies Act ("ICARA"), now codified at 22 U.S.C. §§ 9001-09.

to Peru.  Father alleged that Child had been wrongfully retained in the United States by the appellee, Joanna Patricia Montezuma Panez ("Mother").  For the following reasons, we affirm.

## I.

Father and Mother married in Peru in 2012.  Child was born during the course of their marriage, and all three are Peruvian citizens.  Father and Mother divorced in 2015, with the Peruvian divorce decree providing that the parties would have joint custody of Child, but that Child would live primarily with Mother.

In August 2021, Mother advised Father that she wanted to visit Florida with Child.  Father signed a travel authorization for the trip for the time period of September 17, 2021, through October 23, 2021.  Mother and Child did not return to Peru.  More than one year later, on December 7, 2022, Father filed his aforementioned petition in the Ninth Judicial Circuit Court for Child's return.[2]

## II.

The Hague Convention "establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained."  22 U.S.C. § 9001(a)(4). Its central operating feature is the return remedy in order to help resolve the problem of international abduction and retention of children.  To that end,

---

[2] Under 22 U.S.C. § 9003(a), state courts and United States district courts have concurrent jurisdiction to adjudicate actions brought under the Hague Convention.

"[w]hen a child under the age of 16 has been wrongfully removed or retained, the country to which the child has been brought must 'order the return of the child forthwith,' unless certain exceptions apply." *De Carvalho v. Carvalho Pereira*, 308 So. 3d 1078, 1081 (Fla. 1st DCA 2020) (quoting *Abbott v. Abbott*, 560 U.S. 1, 9 (2010)); *see also* 22 U.S.C. § 9001(a)(4). Here, neither party disputed that Peru was Child's country of habitual residence immediately prior to the alleged wrongful detention and that the United States and Peru are both signatories to the Hague Convention.

From the evidence presented at trial, the circuit court found that Father had certain custodial rights under the parties' Peruvian divorce decree and that he had been exercising those rights at the time of Child's alleged wrongful retention. *See Sanchez v. Suasti*, 140 So. 3d 658, 660 (Fla. 3d DCA 2014) (recognizing that to demonstrate a wrongful removal or retention of a child under the Hague Convention, the petitioner must establish the retention of the child outside of their country of habitual residence, that the removal or retention is in violation of the petitioner's rights of custody, and that the rights of custody were actually being exercised by the petitioner at the time of removal (citing *Abbott*, 560 U.S. at 9; *Larbie v. Larbie*, 690 F.3d 295, 307 (5th Cir. 2012))). These findings have not been challenged in this appeal by Mother. Father's primary argument here is that the trial court reversibly

3

erred in thereafter finding that Mother established one of her pleaded recognized exceptions under the Hague Convention to Child's forthwith return.

III.

"[F]or all issues arising under the [Hague] Convention, a [lower court's] determination of facts is reviewed for clear error and its application of those facts to the law, as well as its interpretation of the Convention, are reviewed *de novo*." *Wigley v. Hares*, 82 So. 3d 940, 940 (Fla. 4th DCA 2011) (first quoting *In re Application of Adan*, 437 F.3d 381, 390 (3d Cir. 2006); and then citing *Blondin v. Dubois*, 238 F.3d 153, 158 (2d Cir. 2001); *Shalit v. Coppe*, 182 F.3d 1124, 1127 (9th Cir. 1999); *Friedrich v. Friedrich*, 78 F.3d 1060, 1064 (6th Cir. 1996)).

IV.

Mother's burden at trial was to establish by the preponderance of the evidence one of the recognized exceptions under the Hague Convention that she had pled as affirmative defenses to Child's return to Peru. *See* 22 U.S.C. § 9003(e)(2)(B).

The trial court first addressed in its final order Mother's "well settled" or "now settled" exception. This recognized exception comes into play only if "the proceeding was commenced more than one year after removal of the child and the child has become settled in his or her new environment." *Wigley*, 82 So. 3d at 936 (citing Hague Convention, art. 12). Father's first challenge here is to the trial court's finding that his petition was filed more than one year after he became aware that

4

Child was being wrongfully retained by Mother in the United States. Father argues that the evidence showed that he first became aware of Child's wrongful retention on December 8, 2021; thus, his petition, filed on December 7, 2022, was within one year. Father submits that, resultingly, whether or not Child was "well settled" in the United States was immaterial as this exception could only prevent Child's return under the Hague Convention if his petition had been filed more than one year after becoming aware that Mother was wrongfully retaining Child in the United States.

The trial court received testimony from both parties on this issue. Also admitted into evidence was documentation from an October 18, 2021 WhatsApp conversation between the parties that Mother argued showed that Father was aware, at that time, that she would not be returning Child to Peru on the previously-agreed October 23, 2021 date. Father had denied that the WhatsApp conversation or other evidence before the court placed him on sufficient notice that Mother intended to retain Child past the agreed date of October 23, 2021. The trial court, however, specifically found Father's testimony claiming that he did not know at that time that Mother intended to remain in Florida with Child after October 23, 2021 was not credible.

It is axiomatic that "[i]t is not the role of [an] appellate court to reweigh evidence." *Villaverde v. City of Orlando*, 288 So. 3d 1231, 1232 (Fla. 5th DCA 2020) (citing *Young v. Dep't of Educ., Div. of Voc. Rehab.*, 943 So. 2d 901, 902 (Fla.

1st DCA 2006)).  Accordingly, as there was competent substantial evidence before the trial court[3] that Father was on notice in October 2021 that Child was being retained by Mother past the previously-agreed return date, no clear error has been demonstrated by him regarding the trial court's finding that his petition for return of Child was thus filed more than one year after Child's retention.

Turning to whether Child came within the "well settled in her new environment" exception, this term is not specifically defined in the Hague Convention, nor does 22 U.S.C. § 9002 define "well settled" for purposes of these proceedings.  A child has nevertheless been considered to be "settled 'within the meaning of ICARA and the [Hague] Convention when a preponderance of the evidence shows that the child has significant connections to their new home that indicate that the child has developed a stable, permanent, and nontransitory life in their new country to such a degree that return would be to child's detriment.'" *De*

---

[3] Father separately argues that the trial court improperly excluded evidence of recorded conversations between him and Mother that would show that he first became aware of Mother's wrongful retention of Child on December 8, 2021.  These conversations were in Spanish and had not been translated into English by a certified translator.  Mother had raised an objection to the admissibility of the evidence on this ground prior to trial and did so at trial.  We find no abuse of discretion in the court sustaining Mother's objection to this evidence.  *See* § 90.606(3), Fla. Stat.; *Blanco. v. State*, 452 So. 2d 520, 523 (Fla. 1984) ("A trial judge's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion." (citing *Booker v. State*, 397 So. 2d 910, 914 (Fla. 1981))).

*Carvalho*, 308 So. 3d at 1085 (quoting *Fernandez v. Bailey*, 909 F.3d 353, 361 (11th Cir. 2018)).

In analyzing and then ruling on the "well settled" or "now settled" exception or defense raised by Mother, the trial court related in its final order that it expressly considered the following factors: (1) Child's age, (2) the stability of Child's residence, (3) whether Child consistently attended school, (4) Child's participation in extracurricular or community activities, (5) Mother's employment and financial stability, (6) Child's relationship with family and friends, and (7) the immigration status of both Mother and Child. *See Wigley*, 82 So. 3d at 941 (listing these as factors for a trial court to consider when making the "well settled" child exception analysis and noting that though these factors, when applicable, may be considered in the analysis, "ordinarily the most important is the length and stability of the child's residence in the new environment." (quoting *In re B. Del. C.S.B.*, 559 F.3d 999, 1009 (9th Cir. 2008))).

The trial court heard extensive testimony from both parties and their respective witnesses. It also received testimony from Dr. Miguel Firpi, a licensed psychologist in Florida since 1993, whom the court had appointed pursuant to Florida Family Law Rule of Procedure 12.363 to evaluate, among other things, whether Child was (1) well settled in Orlando, Florida, (2) sufficiently mature to voice an objection to being returned to Peru, and (3) influenced by Mother in

7

objecting to being returned to Peru or had been alienated from Father by Mother.[4]

The court found from the evidence that five of the above listed seven factors favored the "well settled" or "now settled" child exception, including the length and stability of Child's residence in Florida, and that the remaining two factors neither favored or disfavored the exception. Child was doing well in school; lived in a stable and same residence with Mother, her stepfather, and half-brother; and was consistently and frequently participating in afterschool extracurricular activities. The court also found that, for immigration purposes, Mother and Child both had "permanent resident" status, which it noted favored the well settled child exception.

The record adequately shows that the trial court received competent substantial evidence that Mother established, by a preponderance of the evidence, the "well settled" or "now settled" recognized exception under the Hague Convention. We thus find that Father has failed to establish that clear error was committed by the trial court in finding that Mother met her burden of proof on this exception and in thereafter exercising its discretion to not return Child to Peru.

---

[4] Father also argues in this appeal that the trial court erred in relying upon the evaluation and opinion testimony of Dr. Firpi. We note that the trial evidence showed Dr. Firpi had been previously accepted as an expert witness in Hague Convention cases in both state courts and federal courts in Florida. We conclude, without further elaboration, that the trial court did not err in allowing and then considering Dr. Firpi's testimony.

V.

Under article 13 of the Hague Convention, a court has the discretion to decline to return a child to their country of habitual residence if the wrongfully detained child objects to being returned. However, under this "mature child objection" exception, the child must have attained an age and degree of maturity at which it is appropriate for the court to take the child's views into consideration. *Abbott*, 560 U.S. at 22; *Lopez v. Alcala*, 547 F. Supp. 2d 1255, 1258 (M.D. Fla. 2008).

The Hague Convention does not set forth a specific age that a child must have attained before a trial court can consider their opinion. Child here was ten years old, and the court received evidence that she objected to being returned to Peru. The court also heard testimony that Child was intelligent, even-handed, self-motivated, able to express her feelings clearly, performed well in school, had strong bonds with friends and classmates, showed no signs of depression, and did not vilify or disparage Father, and that Mother had not alienated her from Father. The trial court found Child to be of sufficient maturity to express her opinion. *See Lopez*, 547 F. Supp. 2d at 1259 (concluding that a ten-year-old child who had been taken to the United States by his mother had reached an age and level of maturity as would make it appropriate to take his views into account in determining whether he should be returned to his father in Mexico under the Hague Convention).

We affirm the trial court's order to not return Child to Peru under the "mature child objection" exception for two reasons. First, it does not appear that Father raises sufficient argument in his initial brief that the trial court erred in finding that Child was of an age and maturity level to voice her objection to being returned to Peru. *See Hammond v. State*, 34 So. 3d 58, 59 (Fla. 4th DCA 2010) ("Claims for which an appellant has not presented any argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived." (citing *Doorbal v. State*, 983 So. 2d 464, 482–83 (Fla. 2008); *Shere v. State*, 742 So. 2d 215, 217 n.6 (Fla. 1999))).

Second, to the extent that Father did not waive this argument, Father has not shown that the trial court committed clear error in finding that Mother had met her evidentiary burden of proof establishing the mature child exception under the Hague Convention.

Accordingly, the final order denying Father's petition for return of Child to Peru is affirmed.[5]

AFFIRMED.

SMITH and BROWNLEE, JJ., concur.

---

[5] Lastly, we affirm, without further discussion, any other arguments that were raised by Father in briefing that have not been specifically addressed by this opinion.

Carlos De la Melena, Lima, Peru, pro se.

Catherine M. Rodriguez, of Filler Rodriguez, LLP, Miami Beach, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED